UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SMOOTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6456** |
| **BIOMAT USA, INC. ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Biomat USA, Inc.'s ("Biomat") Motion in Limine to Exclude Expert Opinions on Causation and Future Medical Expenses. R. Doc. 39. Plaintiff responded, R. Doc. 49, and Defendant replied, R. Doc. 56. After considering the motion and applicable law, the Court now rules as follows.

I.  BACKGROUND

This case arises out of alleged personal injury suffered by Smooth while he was having blood extracted at a plasma donation center called Grifols-Biomat USA New Orleans, owned by Biomat. R. Doc. 4-1 at 2-3. Smooth alleges that on August 29, 2022, while at the facility, he went to use the restroom and while in the bathroom "a large aluminum/iron pipe fell from the ceiling and violently struck" him. *Id.* at 2. He alleges that the employees refused to help, provide medical care, or call an ambulance to assist him. *Id.* He claims that as a result of this incident, he suffered various personal injuries. *Id.* at 4. Smooth sued Biomat alleging res ipsa loquitor, failure to maintain a safe environment, failure to warn, and any other acts of negligence as can be shown at trial. *Id.* at 3.

Smooth filed suit in the Civil District Court for the Parish of Orleans and Biomat removed the suit to federal court. In its answer, Biomat generally denies the allegations in the petition and

1

asserts several affirmative defenses, such as Plaintiff's negligence was the cause of his injuries, and that Plaintiff failed to mitigate damages. *Id.* at 12-13. Biomat removed to federal court on the basis of diversity jurisdiction, as it is a resident of Delaware and California while Smooth resides in Louisiana. *Id.* at 2-3.

## II.   PRESENT MOTION

Biomat filed a motion in limine to exclude expert opinions on causation and future medical expenses. R. Doc. 39. Biomat notes that with regard to the treating physicians, Plaintiff has not provided any written expert reports under Rule 26(a)(2)(B) nor any expert disclosures under Rule 26(a)(2)(C). *Id.* at 1. He notes that the deadline for Rule 26(a)(2)(B) reports was May 14, 2024 and the deadline for 26(a)(2)(C) disclosures was May 28, 2024. *Id.* at 5. Because Biomat has not met the requirements for expert testimony laid out by Rule 26(a)—either a written report under Subsection (B) or an expert disclosure under subsection (C)—Biomat contends that any physician Plaintiff calls cannot offer expert testimony on causation or future medical expenses. *Id.* Biomat contends that Plaintiff should not be allowed any additional time to file Rule 26(a)(2)(C) disclosures because such an extension would prejudice Biomat given the approaching trial date of August 26, 2024. *Id.* at 6.

In opposition, Smooth requests leave to make late Rule 26(a)(2)(C) disclosures as to his treating physicians.[1] He notes that the deadline to make such disclosures occurred in the midst of other issues in the case, such as his request for leave to file an amended complaint. R. Doc. 49 at 3. Additionally, he notes that he was counting on getting an extension in the case. *Id.* at 6. He avers that he will file Rule 26(a)(2)(C) disclosures "as soon as possible." *Id.* at 4. He contends that the

---

[1] Mr. Smooth also mentions that his expert architect has failed to submit timely expert written reports under Rule 26(a)(2)(B). The parties briefed this issue more fully in regard to Biomat's motion for summary judgment, R. Doc. 33. Accordingly, the Court will address the issue of the expert architect reports when it rules on the motion for summary judgment.

2

evidence he intends to offer, the testimony of Plaintiff's treating physicians, is "very important to the case" as Mr. Smooth "requires this testimony to establish the extent and cause of his injuries as well as the treatment he is expected to require in the future." *Id.* at 5. He contends that there is little prejudice to Biomat because it has long known of the treating physicians and had their reports. *Id.*

### III.   LAW & ANALYSIS

Where a party had failed to timely make Rule 26(a)(2) disclosures, the Court analyzes four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Each factor is examined in turn.

The first factor, the importance of the evidence, weighs in favor of allowing Plaintiff to submit a late 26(a)(2)(C) disclosure.[2] "Treating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation." *Sheppard v. Liberty Mut. Ins. Co.*, No. CV 16-2401, 2017 WL 467092, at *2 (E.D. La. Feb. 2, 2017). Lay testimony is quite limited:

> Although lay witnesses may offer opinions, lay witnesses may not testify concerning any opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702. . . . When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction

---

[2] A treating physician may properly submit expert disclosures under Rule 26(a)(2)(C) rather than submitting a written report pursuant to subsection (B). *See Lee v. Valdez*, No. CIV.A.3:07-CV-1298-D, 2008 WL 4287730, at *3 (N.D. Tex. Sept. 18, 2008) ("A treating physician is the prototypical expert who can be deposed or called to testify at trial without disclosing an expert report.") (citing Rule 26(a)(2) Advisory Committee's note to the 1993 amendments).

>Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge.

*Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 412216, at *6 (W.D. La. Jan. 24, 2020). Accordingly, if the Court does not allow Plaintiff to make any late Rule 26(a)(2)(C) expert disclosures as to the treating physicians, Plaintiff will have no testimony on medical causation or future medical expenses at trial, which would be extremely destructive to the case. *See id.* ("Plaintiffs will suffer great prejudice if the treating physicians' proposed causation testimony is excluded."). Accordingly, this factor weighs in favor of allowing Plaintiff more time to make a late Rule 26(a)(2)(C) as to the treating physicians.

As to the "prejudice to the opposing party," this factor also weighs in favor allowing Plaintiff to make a late disclosure. *Texas A&M*, 338 F.3d at 402. Plaintiff has sent Biomat the treating physicians' medical reports and records. R. doc. 49 at 4. Thus, Biomat is not completely in the dark about the expected testimony of the treating physicians. Biomat will also have an opportunity to depose the treating physicians before trial if they choose. *Id.* at 6.

The remaining two factors weigh in favor on excluding the expert testimony. As to the possibility of a continuance, the Court has already denied a continuance in this case. R. Docs. 30, 38. Finally, as to whether Plaintiff has provided an "explanation" for his "failure to disclose," Plaintiff's explanation is not persuasive. *Texas A&M*, 338 F.3d at 402. Plaintiff's counsel represents in his briefing that he was having trouble with deadlines and focused on other issues in the case. R. Doc. 49 at 3.

The Court finds that the importance of the evidence and the limited prejudice to Defendant justify allowing Plaintiff to make a late Rule 26(a)(2)(C) disclosure. *Logan*, 2020 WL 412216, at *9 (allowing a treating physician to testify as to medical causation "in the interest of justice," despite the fact that Plaintiff did not timely comply with Rule 26(a)(2)(C)).

Accordingly, the Court will allow Plaintiff to make a late Rule 26(a)(2)(C) disclosure as to the testimony of Plaintiff's treating physicians. Plaintiff must submit the disclosures by Monday, July 8, 2024 at 5:00 PM. Should Plaintiff fail to meet this extended deadline, the Court will prohibit the treating physicians from offering opinions on causation or future medical expenses at trial.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's motion, R. Doc. 39, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff submit a Rule 26(a)(2)(C) disclosure as to the treating physicians by Monday, July 8, 2024 at 5:00 PM.

New Orleans, Louisiana, this 28th day of June, 2024.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE