UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SMOOTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6456** |
| **BIOMAT USA, INC. ET AL** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is Defendant Biomat USA, Inc.'s ("Biomat") Motion for Summary Judgment. R. Doc. 33. Plaintiff Joseph Smooth opposes the motion. R. Doc. 47. Biomat replied. R. Doc. 55. After considering the motion and applicable law, the Court now rules as follows.

I.     BACKGROUND

This case arises out of alleged personal injury suffered by Mr. Smooth while he was having blood extracted at a plasma donation center called Grifols-Biomat USA New Orleans, owned by Biomat. R. Doc. 4-1 at 2-3. Mr. Smooth alleges that on August 29, 2022, while at the facility, he went to use the restroom and while in the bathroom "a large aluminum/iron pipe fell from the ceiling and violently struck" him. *Id.* at 2. He alleges that the employees refused to help, provide medical care, or call an ambulance to assist him. *Id.* He claims that as a result of this incident, he suffered various injuries and seeks damages for medical expenses, pain and suffering, mental anguish and emotional distress, lost wages and diminished earning capacity, and loss of enjoyment of life. *Id.* at 4. Mr. Smooth sued Biomat alleging res ipsa loquitor, failure to maintain a safe environment, failure to warn, and any other acts of negligence as can be shown at trial. *Id.* at 3.

Mr. Smooth filed suit in the Civil District Court for the Parish of Orleans and Biomat removed the suit to federal court on the basis of diversity jurisdiction. R. Doc. 4. In its answer,

1

Biomat generally denies the allegations in the petition and asserts several affirmative defenses. R. Doc. 4-1 at 12-13.

## II.     PRESENT MOTION

Biomat filed a motion for summary judgment urging the Court to dismiss Mr. Smooth's complaint because he cannot satisfy the actual or constructive knowledge element of a premises liability claim. R. Doc. 33. Biomat asserts that it did an audit of the premises "the month before the alleged incident [which] show[ed] that this restroom was not in need of repair, and a third party janitorial contractor cleaned this restroom on three occasions the day before the alleged incident and did not notice any defects, including with the support bar." R. Doc. 33-1 at 8. Further, Biomat's expert engineer "confirmed after his inspections of the restroom that without physically removing the bracket screws from the wall or evidence of an external defect, such as missing or loose screws, there is no way to determine whether there is blocking inside the wall or the presence of drywall anchors." *Id.* at 8-9. Therefore, no reasonable inspection would have revealed any alleged defect in the bar, and the inspections conducted in the months and days preceding the incident alerted Biomat to no issues or concerns. *Id.* Accordingly, Biomat asserts that Mr. Smooth cannot satisfy the actual or constructive knowledge requirement and his claim fails as a matter of law. *Id.*

In opposition, Mr. Smooth argues that whether Biomat had actual or constructive knowledge of the defect in the bathroom is an issue for the factfinder. R. Doc. 47. He points to his own deposition testimony, where he stated that the support bar "wasn't even bolted to the wall, sir, when [he] walked into the bathroom." *Id.* at 3. He also points to the report of his expert architect, Mr. Richard Albert, who is expected to opine that the defect in the bar would have been detectable by a visual inspection. *Id.* at 4. Finally, Mr. Smooth notes that discovery is not completed, and he has some depositions left to take. *Id.* He also intends to explore the theory of whether Biomat

exercised operational control over a contractor who may have negligently installed the bar. *Id.* at 6.

In reply, Biomat requests that Mr. Albert's expert report be excluded as untimely. R. Doc. 55 at 3. It notes that Mr. Smooth provided Biomat the report on June 3, 2024, over two weeks past the May 14, 2024 deadline for such reports. *Id.* Additionally, he contends that the report does not satisfy the requirements of Federal Rule of Evidence 702, which requires expert testimony to be relevant and reliable. *Id.* Biomat avers that Mr. Albert's methodology is unreliable because he does not refer to sufficient facts to support his opinions. *Id.*

Next, Biomat contends that Mr. Smooth's deposition testimony cannot create a genuine issue of fact because the testimony is internally inconsistent on the key issues. *Id.* at 2-3. While Mr. Smooth noted that the bar "wasn't even bolted to the wall, sir, when [he] walked into the bathroom" he also stated in a different portion of the deposition that he "never even looked at the bar, the wall or nothing" prior to its collapse and said, "I don't know why or how it fell." *Id.* at 2. Finally, Biomat contends that Mr. Smooth is not entitled to pursue any additional discovery. *Id.* at 5.

### III.   APPLICABLE LAW

#### a. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward

with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### b. Negligence Under Louisiana Law

Mr. Smooth's claims sound in negligence under Louisiana Civil Code Articles 2315, 2317 and 2317.1. Under Louisiana law, courts apply the same ultimate analysis to negligence claims, whether they arise out of a defendant's negligent conduct [Art. 2315] or out of liability for defects in premises [Art. 2317 and 2317.1]. *Farrell v. Circle K. Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023) ("Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same. And now, with La. Civ. Code art. 2317.1's requirement of actual or constructive knowledge of a defect, the result under either should be the same."). Accordingly, a plaintiff asserting a premises liability claim under Article 2315, or under Articles 2317 and 2317.1, must prove: "(1) Defendant had custody of the area in question; (2) that the area contained a defect that created an unreasonable risk of harm; (3) that the defect was the cause of the harm; and (4) the custodian of the area knew or should have known of the defect." *Jones v. Town of Gueydan*, 323 So. 3d 451, 453 (La. App. 3 Cir. 2021). To show constructive notice, the plaintiff "must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Attaway v. Albertsons Inc.*, 174 F. App'x 240, 242 (5th Cir. 2006).

IV.   DISCUSSION

The parties raise two issues: whether the expert report of Mr. Smooth's architect is admissible and whether summary judgment is appropriate. The Court examines these issues in turn.

**A. Mr. Albert's Expert Report is Untimely and Must Be Excluded.**

Biomat notes that Mr. Smooth did not provide it with the report of his expert architect, Mr. Albert, until June 3, 2024, over two weeks past the May 14, 2024 deadline for such reports. *See* R. Doc. 11 (Scheduling Order). Because Mr. Smooth did not timely disclose the expert report pursuant to Rule 26(a)(2)(B), the Court finds that the evidence must be excluded.

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "In evaluating whether a violation of [R]ule 26 is harmless [the court looks] to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Each factor is examined in turn.

First, as to the importance of the evidence, the Court finds that the evidence is not crucially important to the case. Mr. Smooth can testify as to what he observed in the bathroom. Furthermore, Mr. Albert examined the bathroom stall in June of 2024, almost two years after the incident occurred in August of 2022. R. Doc. 55 at 3. Given his delayed inspection, his testimony will not be of extreme importance to the case. As to the second factor, the prejudice to the

5

opposing party, Biomat would indeed be prejudiced if Mr. Smooth's expert report were admitted. Mr. Smooth's deadline to submit the expert report was May 14, 2024, about a month prior to Biomat's own expert report deadline of June 13, 2024. R. Doc. 11. By receiving Mr. Smooth's expert report late, Biomat's ability to produce its own responsive expert reports was impaired. As to the possibility of a continuance, the Court has already denied a continuance given that the case has been pending nearly two years with little activity. R. Docs. 30, 38. Finally, Mr. Smooth has not provided any "explanation" for his "failure to disclose." *Texas A&M*, 338 F.3d at 402. As Biomat notes, Mr. Albert did not even inspect the premises until May 14, 2024, the very day that his expert report was due, and almost two years after the case was filed. R. Doc. 55 at 3. Mr. Smooth has not explained why his expert architect did not inspect the bathroom until this late in the case.

For these reasons, the Court finds that Mr. Smooth's failure to timely provide Biomat with the expert report of Mr. Albert was not "substantially justified" or "harmless," and the evidence must be excluded. Fed. R. Civ. P. 37(c)(1).[1] Accordingly the Court will not consider this evidence in deciding the present motion for summary judgment.

### B. Summary Judgment is Not Appropriate Because Genuine Issues of Material Fact Remain.

Here, Biomat contends that Mr. Smooth cannot present any evidence showing that it had actual or constructive knowledge of the allegedly defective bar in the bathroom. Because there is a genuine issue of material fact as to the knowledge element, the Court finds summary judgment unwarranted.

---

[1] Because Mr. Albert's report must be excluded as untimely, the Court does not reach the issue of whether Mr. Albert's report must be excluded pursuant to Federal Rule of Evidence 702.

A fact issue remains about whether the bar in question was visibly unsecured from the wall. Mr. Smooth presents evidence of his own deposition, where he testified that the support bar "wasn't even bolted to the wall, sir, when [he] walked in that bathroom." R. Doc. 47-3 at 7. As Biomat notes, Mr. Smooth does say in another part of his deposition that he wasn't "paying no attention to the wall" before the bar detached and that he "never even looked at the bar, the wall, or nothing." R. Doc. 33-2 at 3-4. While these arguably inconsistent statements may be used to at trial to impeach Mr. Smooth's testimony that the bar "wasn't even bolted to the wall," his credibility on this matter is an issue for the factfinder. R. Doc. 47-3 at 7. If the bar was, in fact, visibly unsecured from the wall, Mr. Smooth would have a valid argument that Biomat had at least constructive knowledge of a defect. *See Matthews v. Red River Ent. of Shreveport, L.L.C.*, No. 12-1188, 2013 WL 1932847, at *4 (W.D. La. May 8, 2013) (finding a genuine issue of material fact as to the knowledge element where the allegedly defective chair was missing two bolts, and the defendant inspected the chairs generally but did not inspect the bolt area in particular.) Because the factfinder must weigh the credibility of Mr. Smooth's testimony that the bar was not bolted to the wall, summary judgment would be inappropriate.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Albert's testimony be excluded at trial for failure to timely submit an expert report pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1).

**IT IS FURTHER ORDERED** that Biomat's motion for summary judgment, R. Doc. 33, is **DENIED.**

New Orleans, Louisiana, this 2nd day of July, 2024.

                                                                UNITED STATES DISTRICT JUDGE