UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SMOOTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6456** |
| **BIOMAT USA, INC. ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Plaintiff Joseph Smooth's Motion for Leave to File Rule 26(a)(2)(C) Disclosures. R. Doc. 70. Defendant Biomat opposes the Motion. R. Doc. 69. After considering the motion and applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises out of alleged personal injury suffered by Mr. Smooth while he was having blood extracted at a plasma donation center called Grifols-Biomat USA New Orleans, owned by Biomat. R. Doc. 4-1 at 2-3. Mr. Smooth alleges that on August 29, 2022, while at the facility, he went to use the restroom and while in the bathroom "a large aluminum/iron pipe fell from the ceiling and violently struck" him. *Id.* at 2. He alleges that the employees refused to help, provide medical care, or call an ambulance to assist him. *Id.* He claims that as a result of this incident, he suffered various injuries and seeks damages for medical expenses, pain and suffering, mental anguish and emotional distress, lost wages and diminished earning capacity, and loss of enjoyment of life. *Id.* at 4. Mr. Smooth sued Biomat alleging res ipsa loquitor, failure to maintain a safe environment, failure to warn, and any other acts of negligence as can be shown at trial. *Id.* at 3.

Mr. Smooth filed suit in the Civil District Court for the Parish of Orleans and Biomat removed the suit to federal court on the basis of diversity jurisdiction. R. Doc. 4. In its answer,

1

Biomat generally denies the allegations in the petition and asserts several affirmative defenses. R. Doc. 4-1 at 12-13.

On June 4, 2024, Defendant Biomat moved to exclude the expert testimony of Plaintiff's treating physicians on causation and future medical expenses. R. Doc. 39. Biomat noted that Plaintiff had not provided any expert disclosures as to the treating physicians pursuant to Rule 26(a)(2)(C) by the applicable deadline of May 28, 2024. *Id.* at 5. Accordingly, Biomat argued that the physicians should not be allowed to opine on matters within the scope of their expertise, such as causation and future medical expenses. *Id.* Plaintiff opposed the Motion. R. Doc. 49. He contended that he was in the midst of dealing with other issues in the case at the time of the deadline and was expecting an extension. *Id.* at 3, 6. He noted he would make expert disclosures "as soon as possible." *Id.* at 4.

On June 28, 2024, the Court denied Biomat's motion and gave Plaintiff until July 8, 2024 to make the requisite Rule 26(a)(2)(C) disclosures. R. Doc. 61. In giving Plaintiff this ten-day extension, the Court reasoned that excluding the treating physicians' testimony on medical causation would likely be "extremely destructive to the case." *Id.* at 4. Although Plaintiff had not offered a satisfactory explanation for his failure to make the disclosures, the Court noted that the Defendant had long had the physicians' reports. *Id.* Accordingly, the Court gave the Plaintiff an extension of the expert disclosure deadline "in the interest of justice." *Id.*

II.   **PRESENT MOTION**

Plaintiff moves to submit his Rule 26(a)(2)(C) disclosures late. R. Doc. 70. He concedes that he did not file the disclosures by the Court's extended deadline of July 8, 2024. *Id.* at 1. However, he notes that he believed such disclosures were not necessary as the physicians only intend to offer "testimony to the facts of treatment and opinions formed during treatment." *Id.*

2

Moreover, he notes that he was out of town from the week of June 28- July 4, 2024. *Id.* He alleges that he did not see his paralegal's email telling him about the Court's disclosure deadline until July 9, 2024, at which time he sent the disclosures to Defendant. *Id.* Plaintiff also attempted to file his Motion for Leave on July 9, 2024, but it was rejected as deficient by the clerk's office. R. Doc. 65. He refiled on July 17, 2024. R. Doc. 70.

Defendant opposes the Motion, stating that "[e]nough is enough." R. Doc. 69 at 1. It notes that "even after the Court generously allowed Plaintiff to provide late Rule 26(a)(2)(C) disclosures in its June 28 Order and Reasons . . . Plaintiff yet again failed to provide the required disclosures." *Id.* Defendant notes that Plaintiff's excuse—that Counsel was out of town—is insufficient to justify this repeated failure. *Id.* Finally, Defendant notes that "the prejudice to Biomat is significant since Biomat has now filed a Motion for Summary Judgment on causation relying on Plaintiff's failure to abide by the June 28 Order." *Id*. at 4.

### III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "In evaluating whether a violation of [R]ule 26 is harmless [the court looks] to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

IV.     DISCUSSION

The Court must reluctantly deny Plaintiff's motion for leave. Although the Court previously gave Plaintiff an extension to file the disclosures based on the importance of the evidence to the case, "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). The Court simply cannot give Plaintiff yet another extension to file the disclosures after he missed both the original deadline and the extended deadline. Furthermore, Plaintiff has unfortunately exhibited a history of non-compliance with court-ordered deadlines. For example, the Court has already excluded the report of Plaintiff's expert architect because Plaintiff failed to timely submit a Rule 26(a)(2)(B) report. R. Doc. 63 at 5. The Court noted that Plaintiff did not schedule his expert to inspect the premises until the very day his report was due. *Id.* at 6.

As defendant notes, "[e]nough is enough." R. Doc. 69 at 1. Court deadlines would be rendered meaningless if the Court does not enforce them. Moreover, allowing Plaintiff yet another extension to make the disclosures would not be fair to Defendant. As Defendant notes, it has already filed a motion for summary judgment in reliance on the Court's promise that, "should Plaintiff fail to meet [the] extended deadline, the Court will prohibit the treating physicians from offering opinions on causation or future medical expenses at trial." *Id.* (quoting R. Doc. 61 at 5). Thus, the "prejudice to the opposing party" would be significant if the Court granted a second extension. *Texas A&M Rsch. Found.*, 338 F.3d at 402. Finally, Plaintiff has not offered a satisfactory "explanation" for his "failure to disclose." *Id.* The fact that Counsel was out of town does not justify Plaintiff's failure to file the required disclosures within the ten-day extension granted by the Court.

4

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave, R. Doc. 70, is **DENIED.** Because this ruling may impact the parties' arguments as to Defendant's pending motion for summary judgment, R. Doc. 64, the Court will give the parties until Monday, July 29, 2024, to file supplemental briefing on the motion for summary judgment.

New Orleans, Louisiana, this 22nd day of July, 2024.

_Eldon E. Fallon_
UNITED STATES DISTRICT JUDGE