## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SMOOTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6456** |
| **BIOMAT USA, INC. ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Biomat USA, Inc.'s Motion for Summary Judgment. R. Doc. 64. Plaintiff Joseph Smooth opposes the motion. R. Doc. 68. Defendant replied. R. Doc. 71. The Court allowed the parties to submit supplemental briefing, R. Doc. 72, which Defendant filed. R. Doc. 73. Plaintiff did not file supplemental briefing. After considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.    BACKGROUND

This case arises out of an alleged personal injury suffered by Plaintiff while he was having blood extracted at a plasma donation center called Grifols-Biomat USA New Orleans, owned by Defendant. R. Doc. 4-1 at 2-3. Plaintiff filed suit in the Civil District Court for the Parish of Orleans. Plaintiff alleges that on August 29, 2022, while at the facility, he went to use the restroom and while in the restroom "a large aluminum/iron pipe fell from the ceiling and violently struck" him. *Id.* at 2. He alleges that the employees refused to help, provide medical care, or call an ambulance to assist him. *Id.* He claims that as a result of this incident, he suffered various personal injuries such as damage to his "muscles, ligaments, tendons, and blood vessels" as well as an "aggravation of his pre-existing conditions." *Id.* at 4. Plaintiff sued Defendant alleging *res ipsa loquitor*, failure to maintain a safe environment, failure to warn, and any other acts of negligence as can be shown at trial. *Id.* at 3.

1

In its answer, Defendant generally denies the allegations in the petition and asserts several affirmative defenses, such as that Plaintiff's negligence was the cause of his injuries and that Plaintiff failed to mitigate damages. *Id.* at 12-13. Defendant removed to federal court based on diversity jurisdiction. *Id.* at 2-3.

On June 4, 2024, Defendant moved to exclude the expert testimony of Plaintiff's treating physicians on causation and future medical expenses. R. Doc. 39. Defendant noted that Plaintiff had not provided any expert disclosures as to his treating physicians pursuant to Rule 26(a)(2)(C) by the applicable deadline of May 28, 2024. *Id.* at 5. Accordingly, Defendant argued that the physicians should not be allowed to opine on matters within the scope of their expertise, such as causation and future medical expenses. *Id.* Plaintiff opposed the Motion. R. Doc. 49. He contended that he was in the midst of dealing with other issues in the case at the time of the deadline and was expecting an extension. *Id.* at 3, 6. He noted he would make expert disclosures "as soon as possible." *Id.* at 4.

On June 28, 2024, the Court denied Defendant's motion and gave Plaintiff until July 8, 2024 to make the requisite Rule 26(a)(2)(C) disclosures. R. Doc. 61. In giving Plaintiff this ten-day extension, the Court reasoned that excluding the treating physicians' testimony on medical causation would likely be "extremely destructive to the case." *Id.* at 4. Although Plaintiff did not offer a satisfactory explanation for his failure to make the disclosures, the Court noted that the Defendant had long had the physicians' reports. *Id.* Accordingly, the Court gave the Plaintiff an extension of the expert disclosure deadline "in the interest of justice." *Id.*

Plaintiff did not submit his Rule 26(a)(2)(C) disclosures by the extended July 8, 2024, deadline. He moved to file the disclosures late again, arguing that he was out of town and did not realize he had to file the disclosures. R. Doc. 70. However, the Court denied this request for a

second extension, noting that Plaintiff had repeatedly failed to abide by the Court's filing deadlines. R. Doc. 72. Because Plaintiff did not make the required Rule 26(a)(2)(C) disclosures, the Court held that Plaintiff's treating physicians will be limited to "lay testimony" at trial and cannot opine as to matters within the realm of their medical expertise. *Id.*

## II.     PRESENT MOTION

Defendant moves for summary judgment, arguing that Plaintiff will be unable to prove medical causation at trial. R. Doc. 64. Defendant notes that, because Plaintiff did not file timely Rule 26(a)(2)(C) disclosures, Plaintiff's treating physicians will not be able to offer expert opinions as to causation at trial. R. Doc. 64-1 at 1. Defendant avers that under Louisiana, law, expert medical testimony is required where the conclusion on medical causation is not within the "common knowledge." *Id*. at 1-2. Defendant argues that the conclusion in this case would require expert testimony because Plaintiff has a complex medical history and several pre-existing conditions. *Id.* at 2. Specifically, he was in a car accident in 2007 during which his vehicle was struck by an 18-wheeler. *Id.* His car flipped three times, and he reported injuries to his lower back, upper back, and neck. *Id.* at 2-3. Further, Defendant points out that Plaintiff was treated for a gunshot wound to the face in 2015. *Id.* at 3. During treatment for this injury, he had a CT scan taken which showed that he had "advanced, pre-existing degenerative changes" in his cervical spine. *Id.* Furthermore, Defendant notes that its own experts have opined that Plaintiff's injuries were not caused by the alleged accident at issue in this case. *Id*. at 3-4.

Plaintiff opposes the motion. R. Doc. 68. Plaintiff largely argues that his treating physicians can provide causation opinions if the court allows him to file his Rule 26(a)(2)(C) disclosures late. *Id.* at 2. This argument is moot in light of the Court's recent ruling that Plaintiff will not be granted a second extension within which to file his disclosures. R. Doc 72. Plaintiff also argues that he will

offer his own testimony, as well as that of other "fact witnesses who know him personally," who will testify that he was healthy and did not have any complaints of pain or appear restricted prior to the instant accident. R. Doc. 68 at 2. *Id.* Plaintiff points to his own deposition testimony, where he maintained that he was healthy and was working labor-intensive jobs such as construction and asbestos remediation prior to the accident without any pain or physical restriction but was unable to work after the accident due to pain and physical restriction. *Id.* at 5

Defendant reavers its arguments in reply. R. Doc. 71. In supplemental briefing, it cites several cases where courts granted summary judgment because the plaintiff could not prove medical causation without expert testimony. R. Doc. 73. For example, Defendant points to *Vicknair v. Pfizer*, where this Court granted summary judgement because the plaintiff had no expert testimony to show that Defendant's allegedly harmful antibiotic had caused him to have an allergic reaction. No. CV 20-2705, 2021 WL 2554935, at *1 (E.D. La. June 22, 2021). It also cites *Fitzgerald v. B.P Exploration and Production Co.*, where this court came to the same conclusion in a toxic tort case arising from the Deepwater Horizon oil spill. No. CV 13-650, 2022 WL 16851124, at *2 (E.D. La. Nov. 10, 2022). Furthermore, Defendant urges that the "*Housley* presumption" cannot apply on a motion for summary judgment. This doctrine allows a plaintiff to establish a "presumption of causation" where the plaintiff was in good health prior to the accident, had symptoms after the accident, and the medical evidence shows a "reasonable possibility of a causal connection between the accident and the disabling connection." *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991).

### III.   APPLICABLE LAW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the non-moving party. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

## IV.   DISCUSSION

This is a close case. "Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence." *Morris v. Orleans Parish School Bd.*, 553 So. 2d 427, 430 (La. 1989). "Furthermore, under Louisiana law, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge." *Bordenave v. Delta Air Lines, Inc.*, CV 18-00637, 2020 WL 377017, at *2 (M.D. La. Jan. 23, 2020). "Generally, courts have found that 'soft tissue injuries' to the neck and/or back are conditions that are within common knowledge and do not require expert medical testimony regarding causation." *Id.* (citing *Cannet v. Franklin Pest Control Co.*, 08-56, p. 9 (La. App. 5 Cir. 4/29/08), 985 So. 2d 270, 276.

Courts have generally found that the conclusion regarding medical causation is not within the scope of "common knowledge" where the case involves complex issues of medical

malpractice, toxic torts, or defective pharmaceutical drugs. *See Schultz v. Guoth*, 57 So. 3d 1002, 1009-1010 (La. 2011) (requiring expert testimony to prove causation in a medical malpractice case against a doctor who delivered a stillborn baby); *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (requiring expert testimony where plaintiff alleged that exposure to the defendant's toxic environment on a vessel caused bladder cancer); *Williams v. Janssen Pharms., Inc.*, No. 14-3354, 2016 WL 6127526, at *2 (W.D. La. Oct. 20, 2016) (requiring expert medical testimony where the plaintiff alleged that prescription medications manufactured by defendants caused gynecomastia). Indeed, the cases Defendant cites in its supplemental memorandum fall into these categories. *See Vicknair*, 2021 WL 2554935, at *2 (requiring expert testimony where the plaintiff alleged that the defendant's antibiotic gave him an allergic reaction); *Fitzgerald*, 2022 WL 16851124, at *1, 3 (requiring expert testimony where plaintiff alleged toxic chemicals from the Deepwater Horizon oil spill caused his leukemia).

Where a plaintiff alleges a less medically complex facts but has pre-existing injuries, the necessity of expert medical testimony turns on whether the pre-existing injuries were active or largely resolved at the time of the accident. For example, *in Bordenave v. Delta Air Lines, Inc.*, the Court granted summary judgment where the plaintiff had no medical expert. No. 18-00637, 2020 WL 377017, at *4 (M.D. La. Jan. 23, 2020). There, the plaintiff claimed that his neck was injured on an airplane when the passenger in front of him reclined her seat, striking his head. *Id.* at *1. The Court held that expert testimony was necessary because "five days before the subject accident, Plaintiff had neck pain rated at 10/10 in severity" from a pre-existing neck injury. *Id.* at *3. The Court reasoned that the question of medical causation would not be discernable by common knowledge under those circumstances. *Id.* Conversely, in *Kleibert v. Breaud*, the Court denied summary judgment where the plaintiff had no expert testimony on medical causation. 13-

655, p. 9 (La. App. 5 Cir. 1/31/14), 134 So. 3d 23. There, the plaintiff sued the defendant for injuries, soreness, and pain arising from a motor vehicle accident. *Id.* at 25. The plaintiff had undergone surgery on his shoulder and neck for pre-existing injuries from a prior accident. *Id.* Although the plaintiff admitted that these pre-existing injuries had "not been completely resolved" at the time of the accident, he claimed they were "resolving" and were "aggravated" by the instant accident. *Id.* His wife corroborated his testimony and testified about the impact of the accident on his health and their marriage. *Id.* The court held that the plaintiff could plausibly prove medical causation on this evidence alone and that "the testimony of [the plaintiff] and his wife regarding this accident's negative effects require a credibility determination." *Id.* at 28.

Here, the Court denies summary judgment by a narrow margin. Importantly, this case does not fall into the typical categories of medically complex cases where expert testimony is almost always indispensable, such as medical malpractice, toxic tort, or defective pharmaceuticals. Rather, it is a relatively straightforward personal injury case where Plaintiff alleges he was injured when a metal bar fell on his head. The Court finds that a jury could determine, within its "common knowledge," that being struck in the head with a metal bar could cause injury. *Bordenave*, 2020 WL 377017, at *2. While Plaintiff does have pre-existing injuries, the Court finds this case more analogous to *Kliebert* than *Bordenave*. Unlike the situation in *Bordenave*, where the plaintiff's pre-existing injury was actively causing him "neck pain rated at 10/10 in severity" only "five days before the subject accident," there is no evidence in this case that Plaintiff's prior injuries were active or continuing at the time of the alleged accident. *Id.* at *3. Notably, these injuries occurred, respectively, fifteen and eight years prior to the instant incident. R. Doc. 64-1 at 2-3. And, Plaintiff and his witnesses intend to testify that he was in good health and working manual labor jobs at the time of the present injury without any complaints of pain or physical restrictions. R. Doc. 68 at 5.

Moreover, while Plaintiff's treating physicians cannot testify as to their diagnoses or opinions on causation, they may offer lay testimony as to the fact of treatment and their observations of Plaintiff's symptoms. *See* R. Doc. 61, 72. Overall, the Court concludes that like in *Kleibert*, a jury must weigh the evidence and make credibility determinations as to Plaintiff and his witnesses. 134 So. 3d at 28.

## V.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion, R. Doc. 64, is **DENIED.**

New Orleans, Louisiana, this 31st day of July, 2024.

UNITED STATES DISTRICT JUDGE